**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40851

CLYDE J. BURRELL,

Plaintiff-Appellant,

VERSUS

JEFFERY T. LOCKE, Corrections Officer Individually and in official capacity; ERIC G. HENSLEE, Corrections Officer Individually and in official capacity, ,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

(6:97-CV-337)

September 23, 1998

Before HIGGINBOTHAM, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Clyde J. Burrell, Texas prisoner # 689253 appeals the dismissal of his civil rights complaint.  We affirm.

FACTS

Proceeding pro se and *in forma paupris*, Burrell filed a civil rights complaint against Jeffrey Locke and Eric Henslee, two Texas Department of Criminal Justice - Institutional Division ("TDCJ")

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers.  Burrell alleged that on December 17, 1996 and March 9, 1997, Locke used excessive force against Burrell.  The March 9 incident resulted in Locke and Henslee filing false disciplinary charges against Burrell, for which Burrell was found guilty on March 20, 1997.  At the disciplinary hearing, Burrell requested that Locke and Henslee be questioned out of the presence of each other.  The denial of that request formed the basis of the retaliation claim.  Burrell also asserted a retaliation claim stemming from a grievance he filed against Locke.

Burrell filed his claim in federal court on April 9, 1997. The magistrate judge noted the recency of the events complained of and ordered Burrell to submit documentation, withing thirty days of April 16, 1997, showing that Burrell had exhausted his administrative remedies.  Burrell conceded that he was still waiting for a response at the last level, step two, of the last grievances he had filed.

The magistrate judge recommended dismissing, without prejudice, Burrell's complaint based on Burrell's failure to exhaust his administrative remedies.  Burrell objected to the magistrate judge's report, contending that he had demonstrated good faith in attempting to exhaust his administrative remedies and he should not be held responsible for the tardiness of the prison officials in handling his grievances.  The district court independently reviewed the objections, overruled them, adopted the magistrate judge's report, and dismissed, without prejudice, the complaint.  After Burrell's timely notice of appeal, the district

2

court granted Burrell leave to proceed on appeal IFP and ordered a fee-payment schedule.

Burrell argues that the court erred in dismissing his complaint for lack of exhaustion. Burrell views his attempt to exhaust his administrative remedies as sufficient in light of what he perceives as the prison officials' deliberate delay in processing the grievances. Because Burrell filed suit prior to exhausting available remedies, we affirm the dismissal. *See Underwood v. Wilson,* ___F.3d___ , 1998 WL 476217(5th Cir 1998).

AFFIRMED.

3